**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MAURICIO FERREYROS** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION ""** |
| **COX OPERATING L.L.C., COX OIL OFFSHORE, L.L.C., AND UNITED STATES OF AMERICA** | **MAGISTRATE** |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes MAURICIO FERREYROS, a person of the full age of majority, and a resident of Lafayette Parish, Louisiana, who files this Complaint against COX OPERATING L.L.C., COX OIL OFFSHORE, L.L.C., AND UNITED STATES OF AMERICA for personal injury damages, and in support thereof would show unto the Court the following:

I.

Defendants, COX OPERATING L.L.C., COX OIL OFFSHORE, L.L.C. (hereafter collectively referred to as "Cox"), are foreign limited liability companies authorized to do and doing business within the jurisdiction of this Honorable Court, with their principal place of business located in Houston, Texas.

II.

Defendant, UNITED STATES OF AMERICA, has waived sovereign immunity by virtue of the Suits in Admiralty Act, 46 U.S.C. § 30910.

III.

Jurisdiction of this Honorable Court is based on Article 3 § 2 of the United States Constitution, 28 U.S.C. § 1333, and 43 U.S.C. § 1349, and suit is brought pursuant to the Suits in

Admiralty Act, General Maritime Law, and all applicable laws and ordinances of the United States of America.

IV.

This Court has personal jurisdiction over the Defendants because they have sufficient minimum contacts in the Eastern District of Louisiana, and intentionally avail themselves to the jurisdiction of Louisiana by virtue of their extensive business dealings and transactions within this State.

V.

That, at all times relevant, Plaintiff was employed as a Technician by Gulf Land Structures LLC (hereafter referred to as "GLS"), of Lafayette, LA.

VI.

At all times relevant, Cox engaged GLS to perform HVAC work in the Fields off the coast of Louisiana and Alabama in the Gulf of Mexico.

VII.

At all times relevant, United States of America, through the United States Coast Guard, owned, operated, managed or controlled an unidentified vessel, believed to be a Cutter, which was dispatched to transport Plaintiff from Cox Platform MO-916 to Mobile for medical evaluation.

VIII.

At all times relevant, Cox employed, supervised, and directed personnel aboard Cox's Platform MO-916, a fixed platform owned by Cox offshore Alabama, in the Gulf of Mexico, including, but not limited to, the person in charge and the crane operator.

IX.

On or about November 9, 2022, Plaintiff and a co-worker had to manually move a heavy piece of equipment that had been improperly placed by Cox, and Plaintiff felt a pop in his chest as a result.

X.

On or about November 9, 2022, Cox decided to send Plaintiff in for medical evaluation of his chest injury, and Plaintiff was transferred by crane in a personnel basket from Cox's Platform MO-916 to the Coast Guard Cutter in rough seas and high wind.

XI.

As Plaintiff was being lowered to the vessel, the deck crew of the Coast Guard Cutter did not use a tag line or otherwise assist with guiding and receiving the personnel basket onto the vessel.  The personnel basket hit the side of the vessel and landed hard on the deck, causing injury to Plaintiff.

XII.

As a result of the accident, Plaintiff suffered severe and debilitating injuries to his neck, middle back, lower back, psyche, and person as a whole, together with past and future mental anguish and physical suffering, past and future loss of enjoyment of life, past and future expenses for medical care, and past and future loss of earnings and impaired earning capacity.

XIII.

Plaintiff's injuries and damages were caused by the legal fault, negligence, carelessness and omission of duty on the part of Defendants, without any legal fault, negligence, carelessness, or omission of duty on the part of Plaintiff causing, or in any way contributing thereto.

XIV.

The legal fault, negligence, carelessness, and omission of duty on the part of Defendants,

COX OPERATING L.L.C. and COX OIL OFFSHORE, L.L.C., consist of the following non-exclusive acts and omissions:

1)    In failing to use reasonable care;

2)    In failing to operate the crane in a safe manner;

3)    In making the personnel transfer in rough seas and high winds;

4)    In failing to safely lower the personnel basket to the deck of the vessel;

5)    In failing to adopt practices, policies, and procedures designed specifically to prevent the injuries and damages sustained by Plaintiff; and

6)    Other acts of negligence which were the cause of the accident sued upon and which will be shown at the trial of this matter.

XV.

The legal fault, negligence, carelessness, and omission of duty on the part of Defendant,

UNITED STATES OF AMERICA, consist of the following non-exclusive acts and omissions:

1)    In failing to use reasonable care;

2)    In failing to operate the vessel in a safe manner;

3)    In making the personnel transfer in rough seas and high winds;

4)    In choosing to send the Cutter instead of a safer method of transporting Plaintiff;

5)    In failing to provide assistance with the personnel transfer operation;

6)    In failing to safely lower the personnel basket to the deck of the vessel;

7)    In failing to safely guide and receive the personnel basket down to the deck of the vessel;

8)      In failing to adopt practices, policies, and procedures designed specifically to prevent the injuries and damages sustained by Plaintiff; and

9)      Other acts of negligence which were the cause of the accident sued upon and which will be shown at the trial of this matter.

## XVI.

That, in addition and/or in the alternative, to each and every allegation of legal fault, negligence, carelessness, or omission of duty on the part of Defendants set out above, Plaintiff pleads and is entitled to rely upon the doctrine of *res ipsa loquitur*.

## XVII.

As a result of all acts and/or omissions set forth in this complaint, Defendants are liable unto Plaintiff for all damages as are reasonable in the premises, which consist of, but are not limited to, the following:

a) Past, present and future physical pain, suffering and loss of function;

b) Past, present and future mental pain, anguish and suffering;

c) Past, present and future medical expenses which include, but are not limited to, rehabilitation costs, doctor bills, hospital bills, medical tests, pharmaceutical bills, laboratory examinations, physical examination costs, diagnostic studies, and prosthesis;

d) Past, present and future loss of wages including but not limited to loss of salary and fringe benefits;

e) Permanent disability to the musculature, ligaments and bones of the body and permanent scarring and disfigurement;

f) Past, present and future loss of enjoyment of life;

g) Any and all other damages to be shown at the trial of this matter.

**WHEREFORE**, MAURICIO FERREYROS prays that after due proceedings are had, there be judgment entered for plaintiff against defendants, COX OPERATING L.L.C., COX OIL OFFSHORE, L.L.C., AND UNITED STATES OF AMERICA, for all damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, and for all general and equitable relief.

RESPECTFULLY SUBMITTED:

MORRIS BART, LLC
ATTORNEYS FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA  70130
TELEPHONE:  (504) 525-8000
FACSIMILE:  (504) 324-0738

*/S/ A. SPENCER GULDEN*

BY:     _____

A. SPENCER GULDEN, NO. LA23110